THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DAVIS, Appellant.

Second Department, May 31, 1991

### APPEARANCES OF COUNSEL

*Philip L. Weinstein (Arthur H. Hopkirk* of counsel), for appellant.

*John J. Santucci, District Attorney (Seymour Roth* of counsel; *Claire Martin* on the brief), for respondent.

### OPINION OF THE COURT

THOMPSON, J. P.

On March 1, 1989, a New York City Marshal accompanied by two housing police officers went to the defendant's apartment to execute a warrant of eviction. The defendant does not dispute that the preliminary procedures outlined in RPAPL 749, designed to give a tenant notice in eviction proceedings, were followed. Upon their arrival, the officers knocked on the apartment door, which was opened by the defendant. The officers responded to the defendant's inquiry of the purpose of their visit by showing the defendant the eviction warrant and announcing that they were there to assist the City Marshal in removing all persons and property from the leased premises pursuant to the warrant. Although the warrant listed someone other than the defendant as the tenant of the apartment, the defendant admitted that he had been living there for two years. Thereafter, the defendant permitted the City Marshal and the officers to enter the apartment. He asked to retrieve his pants from the bedroom and, without waiting for a response, proceeded toward a back room of the apartment. The officers followed the defendant down the hallway. From the

bedroom doorway, one of the officers observed on top of the bedroom dresser located just inside the doorway a large quantity of what appeared to be cocaine, clear bags of marihuana, a large quantity of tins which he recognized as the type used for packaging drugs, and various drug-related paraphernalia. The officer then noticed a revolver on top of a milk carton situated next to the dresser and at the same level. The defendant was immediately arrested. Following his arrest the defendant was read his *Miranda* rights after which he made certain statements to the officers relating to his occupancy of the apartment and possession of the gun. That branch of the defendant's omnibus motion which was to suppress his statements and the recovered items, was denied, after a hearing, on the ground that the defendant had consented to the officers' warrantless entry into the apartment and, thus, the principles of *Payton v New York* (445 US 573) had not been violated. The hearing court further held that the officers properly seized the contraband in plain view. This appeal ensued.

▮ Prefatorily, we note that a warrant of eviction issued in a summary proceeding may be executed only upon service of notice of the eviction in writing on the person to be evicted 72 hours prior to the execution thereof (RPAPL 749 [2]). Since the service of such notice has not been raised as an issue in this case we presume that it was properly given.

▮ ▮ There is a paucity of cases addressing the issue of whether or not contraband discovered as a result of the execution of an eviction warrant may properly be seized without violating the Fourth Amendment rights of the occupant of the subject premises. This court held in *People v Stadtmore* (52 AD2d 853) that until the moment of actual eviction a tenant retains a reasonable expectation of privacy in the leased premises. Accordingly, the defendant in this case clearly has standing to challenge the legality of the alleged search and seizure *(cf., People v Ponto*, 103 AD2d 573, 577; *People v Lerhinan*, 90 AD2d 74, 77-78). We further held in *Stadtmore* that a civil process may not be converted into a warrant for a general search of the demised premises *(see, People v Stadtmore, supra*, at 854; *see also, United States v Sanford*, 493 F Supp 78, 81). The feature that distinguishes the instant matter from *People v Stadtmore (supra)* is that at bar the officers who accompanied the City Marshal did not use the warrant of eviction as a pretext for conducting a warrantless search violative of the defendant's Fourth Amendment

rights. RPAPL 749 (3) provides that the issuance of a warrant for the removal of a tenant "cancels the agreement under which the person removed held the premises, and annuls the relation of landlord and tenant". Thus, while the defendant may have retained a reasonable expectation of privacy in the premises up until the moment of eviction, he had no legal right to bar the Marshal, or the officers who accompanied the Marshal, from entering the apartment. The officers' action in following the defendant toward the bedroom did not serve to transform their lawful presence in the apartment into an unlawful search. Accordingly, since the officers had a right to be in the doorway of the bedroom, the contraband discovered in plain view therein was lawfully seized (cf., *People v Spinelli*, 35 NY2d 77, 80). Since the court properly denied suppression of the physical evidence, suppression of the defendant's statements to the police following advisement of his preinterrogation *Miranda* rights was also properly denied.

BROWN, BALLETTA, MILLER and O'BRIEN, JJ., concur.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).